1

2

3

4                                                              **E-FILED on** ___11-8-05___

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                       SAN JOSE DIVISION

11

| | |
|---|---|
| 12  JOSEPH N. ELLIS, | No. C-05-02808 RMW |
| 13            Plaintiff, | ORDER DEEMING DEFENDANT'S MOTION TO DISMISS SUBMITTED ON THE PAPERS; DENYING PLAINTIFF'S *EX PARTE* MOTION TO MOVE PLEADING AND HEARING DATES ON DEFENDANT'S MOTION TO DISMISS; GRANTING DEFENDANT'S MOTION TO DISMISS |
| 14       v. | |
| 15  CYNTHIA DAWN CRENNELL, and DOES ONE THROUGH ONE HUNDRED, | |
| 16 | |
| 17            Defendants. | **[Re Docket Nos. 17, 30]** |

18

19        Defendant Cynthia Crennell moves to dismiss plaintiff Joseph Ellis's complaint for lack of subject-

20  matter jurisdiction, or alternatively for this court to decline to exercise jurisdiction under the doctrines of

21  *Burford* or *Younger* abstention.  For the reasons given below, the court grants defendant's motion to

22  dismiss.

23                                       **I.  BACKGROUND**

24        On July 8, 2005, Ellis filed a complaint against Crennell in this court, seeking to force her to return

25  funds she acquired pursuant to a child support action in state court, "Santa Cruz County Superior Court

26  Civil Action No. PA-10180."  This court is alleged to have jurisdiction based on diversity of citizenship, *see*

27  28 U.S.C. 1332(a)(1), because over $75,000 is at stake, and Ellis resides in Tennessee and Crennell in

28

1   California.  Compl. ¶¶ 1, 3-4.  This court denied the plaintiff's application for a temporary restraining on

2   November 10, 2005.[1]

3         On October 26, 2005, Crennell filed a motion to dismiss and, apparently assuming Magistrate

4   Judge Richard Seeborg would rule on the motion, scheduled a hearing on the motion on December 14,

5   2005.  As part of the parties' joint stipulation to delay the case management conference until after a ruling

6   on the plaintiff's motion to dismiss, this court moved the hearing date to Friday, December 16, 2005.[2]

7   Under Civil L.R. 7-3(a), this made any opposition by Ellis to Crennell's motion to dismiss due on

8   November 25, 2005.

9         Ellis filed nothing until December 5, 2005, when he filed an *ex parte* application to move pleading

10  and hearing dates on defendant's motion to dismiss ("Appl.").  Ellis's motion indicates he is unaware of the

11  progress of this case:  He states that Crennell has "simply chosen to ignore . . . these proceedings," Appl. at

12  3, even though she has filed a motion to dismiss.  He states that this "court seems to have taken no action

13  on" his application for a temporary restraining order, *id*., even though this court denied that application

14  almost a month ago.  He complains that the plaintiff's motion to dismiss is "oversize," *id*. at 4, even though

15  the parties submitted a joint stipulation for Crennell to exceed Civil L.R. 7-2(b)'s 25-page limit on October

16  25, 2005.[3]  He states that Crennell's motion to dismiss is set for hearing on December 14, 2005, Appl. at

17  4, apparently unaware that the hearing date was changed to December 16 almost a month ago.

## II.  ANALYSIS

19        On this court's own motion, the defendant's motion to dismiss is deemed submitted on the papers.

20  No oral argument will be held; no appearance is needed.  The court does not see how the plaintiff could

21  overcome the obvious jurisdictional defects of his action, and the court is not inclined to allow the plaintiff

---

23      [1]  Ellis filed his consent to proceed before a magistrate judge on the same day, and Crennell
24  had consented to proceed before a magistrate judge sometime before.  To prevent judge-shopping, cases
    are generally not referred to a magistrate judge once a district court judge has issued a substantive order in
25  an action.  This action thus remains before this court.

26      [2]  This court's civil law and motion calendar is ordinarily heard on Friday mornings.

27      [3]  The court has not approved this joint stipulation, and will not.  Plaintiff should need
    nowhere near 25 pages for her motion to dismiss.  The court has only considered the first 25 pages of her
28  motion to dismiss.  *See* Civil L.R. 7-4(b).

1   additional time to attempt to do so; the plaintiff's request for more time falls woefully short of the

2   requirements of Civil L.R. 6-3 and does not explain why plaintiff did not file an opposition by November

3   25, 2005.  Furthermore, a dismissal for lack of subject-matter jurisdiction may—and should—be made by

4   a court *sua sponte* if it appears to the court that it lacks jurisdiction over an action.  *See Grupo Dataflux*

5   *v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004).

6   **A.  The domestic relations exception**

7        Title 28 U.S.C. § 1332, which grants federal district courts jurisdiction over parties of diverse

8   citizenship, has traditionally been read to exclude cases involving domestic relations.  *Csibi v. Fustos*, 670

9   F.2d 134, 136 (9th Cir. 1982).  "[A]t the core of the domestic relations exception[] are cases where a

10  federal court is asked to grant a divorce or annulment, determine support payments, or award custody of a

11  child.  The cases are in agreement that there is no subject-matter jurisdiction over these types of domestic

12  disputes." *Id*. at 137.  A district court also has discretion to abstain from exercising jurisdiction over

13  matters tangentially related "to other issues determinative of" a domestic relations matter.  *Id*. (giving

14  examples of actions "to enforce a defaulting spouse's obligations under a state support decree, to enforce a

15  final state divorce decree under the Full Faith and Credit clause, to invalidate a state divorce decree

16  obtained without personal jurisdiction, to award damages in a suit between two spouses for breach of

17  contract, and to determine the rights of spouses under federal statutes").

18       Ellis's complaint contains six causes of action: (1) "Breach of Written Agreement," for Crennell's

19  alleged failure to adhere to a contract under which Ellis paid Crennell $150,000 in exchange for her

20  promise to never institute a child support action against him; (2) "Promissory Fraud," for Crennell allegedly

21  deceptively inducing Ellis to enter into the contract; (3) "Declaratory Relief," for a judicial determination of

22  the meaning of the contract; (4) "For An Accounting," for Crennell's alleged failure to use the $150,000 for

23  the care of the parties' child; (5) "Temporary, Preliminary and Permanent Restraining Orders," to require

24  Crennell to either use all funds from Ellis for the benefit of the child or return those funds to Ellis; (6)

25  "Reformation of Written Instrument," to have the contract reformed to reflect the parties' true intention.

26  Compl. ¶¶ 9-39.  To the extent Ellis's primarily contractual claims are within the core domestic relations

27  exception to diversity jurisdiction, this court lacks jurisdiction over the claims; to the extent they are outside

28

ORDER DEEMING DEFENDANT'S MOTION TO DISMISS SUBMITTED ON THE PAPERS; DENYING PLAINTIFF'S EX
PARTE MOTION TO MOVE PLEADING AND HEARING DATES ON DEFENDANT'S MOTION TO DISMISS; GRANTING
DEFENDANT'S MOTION TO DISMISS—No. C-05-02808 RMW
JAH                                              3

1  of the core domestic relations exception, this court will use its discretion to decline to exercise jurisdiction

2  over them.  There is no just reason for the parties' dispute, the paternity aspect of which cannot be litigated

3  in federal court, to be split between multiple fora.

4  **B.  The *Rooker-Feldman* doctrine**

5        The plaintiff's action would also appear to be a collateral attack on the California state court's

6  monetary awards to the defendant.  The *Rooker-Feldman* doctrine deprives federal district courts of

7  jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court

8  judgments rendered before the district court proceedings commenced and inviting district court review and

9  rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 125 S.Ct. 1517 (2005).

10  As this court could not grant plaintiff the relief he seeks on any of his six causes of action without affecting

11  the state-court judgment against him, the *Rooker-Feldman* doctrine constitutes a wholly sufficient

12  alternative ground for dismissal of this action.

13        As the court lacks jurisdiction over the case, it does not reach Crennell's arguments that *Burford*

14  and *Younger* abstention are appropriate, and does not reach the merits of Ellis's claims.

15  **III.  ORDER**

16        For the foregoing reasons, the court

17      (1)  deems the defendant's motion to dismiss submitted on the papers,

18      (2)  denies the plaintiff's request to move the hearing date, and

19      (3)  dismisses the plaintiff's action for lack of subject-matter jurisdiction.

20

21

22  DATED:     11/8/05               /s/ Ronald M. Whyte

23                                              RONALD M. WHYTE
                                            United States District Judge

24

25

26

27

28

1    **Notice of this document has been electronically sent to:**

2    **Counsel for Plaintiff:**

3    Donald C. Schwartz          triallaw@schwartzlaw.biz

4
     **Counsel for Defendant:**
5
     Michael L. Kosloff          mkosloff@sbcglobal.net
6    J. Mark Thacker             jthacker@ropers.com

7
     Counsel are responsible for distributing copies of this document to co-counsel that have not registered for
8    e-filing under the court's CM/ECF program.

9

10

11   **Dated:**          11-8-05                              /s/ JH
                                                      **Chambers of Judge Whyte**
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DEEMING DEFENDANT'S MOTION TO DISMISS SUBMITTED ON THE PAPERS; DENYING PLAINTIFF'S EX
PARTE MOTION TO MOVE PLEADING AND HEARING DATES ON DEFENDANT'S MOTION TO DISMISS; GRANTING
DEFENDANT'S MOTION TO DISMISS—No. C-05-02808 RMW
JAH                                              5